**FILED**

FEB 11 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MICHAEL TAYLOR, an individual | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 14 CV -063 TCK - TLW |
| | ) | |
| v. | ) | |
| | ) | |
| (1) THE APOTHECARY SHOPPE, LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, Plaintiff Michael Taylor, by and through his undersigned attorneys, respectfully moves this Court for a Temporary Restraining Order and Preliminary Injunction and requests that the Court enjoin Defendant The Apothecary Shoppe and its officers, employees, and agents, from delivering to the Department of Corrections of the State of Missouri ("DOC") compounded pentobarbital for use in his execution by lethal injection, scheduled for February 26, 2014. Absent the requested relief, Defendant will provide the compounded pentobarbital to the DOC sometime within the next two weeks, including possibly as early as today.

Accordingly, as set forth fully in the forthcoming Memorandum and Points of Authorities and exhibits, Plaintiff respectfully requests that this Court enter a temporary restraining order to preserve the status quo. Plaintiff further respectfully requests that the Court hold an expedited preliminary injunction hearing. Plaintiff is entitled to this relief for the following reasons:

***First***, Plaintiff is likely to succeed on the merits of the claims raised in his Complaint. Specifically, there is a substantial likelihood that this Court will conclude that Defendant is a state actor whose manufacturing and delivery of compounded pentobarbital to DOC for use in its lethal injection protocol will cause unnecessary extreme and inhumane pain and suffering to Plaintiff in violation of the Eighth Amendment of the U.S. Constitution, applied to the states by the Fourteenth Amendment and enforceable against Defendant as a state actor pursuant to 42 U.S.C. § 1983. This Court is also likely to conclude that Defendant's compounding of pentobarbital violates federal law and thus is preempted under the Supremacy Clause.

In addition, the Court will likely conclude that Defendant's conduct – including its violations of federal and state law, its knowledge that it is not possible to produce safe, effective and pure sterile injections as compounds and its failure to warn DOC or Plaintiff of the grave risk associated with compounding pentobarbital, its failure to properly label the compounded pentobarbital and to provide DOC with proper instructions for storage of the drug, its use of impure ingredients, its failure to test the ingredients used in its compounded pentobarbital, and its provision DOC of compounded pentobarbital that is defective in design and manufacture – independently and collectively breached a duty of care owed to Plaintiff. This breach will proximately and directly cause Plaintiff to suffer an increased risk of pain and suffering and inhumane treatment.

The Court is further likely to conclude that Defendant's conduct in preparing and delivering compounded pentobarbital to the DOC – including the dose that will be used for Plaintiff's execution – is and will continue to be a direct and proximate cause of Plaintiff's extreme distress, anxiety, and fear as he legitimately worries that the last moments of his life will be consumed by severe and unnecessary pain and suffering. Similarly, the Court will likely find

that Plaintiff's family will also suffer severe distress caused by Defendant's conduct when they witness or learn that Plaintiff's execution occurred in a manner that caused him unnecessary, inhumane, and torturous suffering.

*Second*, the other injunctive factors likewise weigh strongly in favor of granting the requested relief. Plaintiff will suffer irreparable injury in the form of an unnecessarily painful, torturous, and inhumane death if this Motion is not granted. This injury is, of course, irreparable, for once Plaintiff has been injected with Defendant's compounded drug, and he will forever lose the opportunity to seek redress for the harm Defendant will cause. In contrast, granting this Motion will cause essentially no harm to Defendant other than a loss of the contracted value of the sale of the compounded drug to the DOC. The irreparable injury to Plaintiff far outweighs this potential financial harm to Defendant. Finally, the public interest in preventing the introduction into interstate commerce, and the delivery for human use, of compounded drug products manufactured and provided in a manner that is inconsistent with state and federal law and that fails to ensure that the compounded pentobarbital is safe, unadulterated, and effective, favors the entry of the requested injunction.

*Third*, the entry of a temporary restraining order followed by preliminary injunctive relief is necessary to maintain the status quo and to prevent Plaintiff's immediate and irreparable injury, loss, or damage until such time as the Court grants Plaintiff's requested relief on the merits.

In support of this Motion, Plaintiff incorporates by reference the Complaint and his Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, together with all Exhibits attached to such Memorandum, as if fully stated herein.

## Certification of Effort to Give Notice To Defendant

Counsel certifies that counsel has made the following efforts to give notice of this Motion, and the related Complaint, to Defendant: (i) counsel has transmitted a copy of the Motion and Complaint, with all attachments, to Defendant's general counsel, Jake Jackson, at his email address listed on the Defendant's website http://www.apothecarytulsa.com/staff/staff_jake.asp, (ii) counsel has served the same documents on Defendant's designated service agent, The Corporation Company; (iii) counsel will also attempt personal service on Defendant's counsel the day this Motion is filed. Counsel will continue to reach out to Defendant to ensure that Defendant obtains notice of these proceedings as expeditiously as possible.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant his Motion for a Temporary Restraining Order and Preliminary Injunction barring Defendant from delivering compounded pentobarbital to DOC for use in Plaintiff's execution, pending resolution of this case on the merits.

RESPECTFULLY SUBMITTED,

/s/ Paul DeMuro
Paul DeMuro, OBA No. 17605
FREDERIC DORWART, LAWYERS
124 E. 4th Street
Tulsa, Oklahoma 74103
(918) 583-9922 – Telephone
(918) 583-8251 – Facsimile
Email: pdemuro@fdlaw.com

And

```
```
Matthew S. Hellman
(*pro hac vice* application forthcoming)
Carrie F. Apfel
(*pro hac vice* application forthcoming)
JENNER & BLOCK, LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
(202) 639-6861 – Telephone
(202) 661-4983 – Facsimile
Email: MHellman@jenner.com
        CApfel@jenner.com

*Counsel for Plaintiff,*
*Michael Taylor*