**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL TAYLOR**, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-063-TCK-TLW |
| | ) |
| **THE APOTHECARY SHOPPE, LLC,** | ) |
| a Delaware limited liability company, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are: (1) Defendant's Motion to Seal Papers in Opposition to Plaintiff's Application for Preliminary Injunction (Doc. 19); and (2) Notice of Rule 41(a) Dismissal with Prejudice and Request to Dissolve the Temporary Restraining Order (Doc. 26).

**I.    Motion to Seal (Doc. 19)**

Defendant moves the Court to seal its response to the motion for preliminary injunction (Doc. 22). In order for this filing to remain sealed, Defendant must show that "a legally protected interest of a party, non-party, or witness outweighs the compelling public interest in disclosure of records." *See* LCvR 79.1. Defendant has met this burden for two reasons. First, a Missouri statute and an Eighth Circuit decision in a related case, although not conclusive, both indicate that Defendant has a legally protected interest that outweighs public disclosure of the relevant information. *See* Mo. Stat. Ann. § 546.720(2) (extending confidentiality to identities of members of an execution team, which the Missouri Department of Corrections ("DOC") has allegedly interpreted to prohibit either affirming or denying a pharmacy's involvement with a particular execution); *In re Lombardi*, ---F.3d ----, 2014 WL 288937, at *5 (8th Cir. Jan. 24, 2014) (denying discovery of pharmacy's identity in related litigation because discovery was irrelevant to any viable

claim for relief, but failing to reach the "significant and complex" privilege issues posed by § 546.720(2)).  This is a short-lived, ancillary case filed in Oklahoma.  It would be imprudent at this juncture to force Defendant to disclose any information not yet ordered to be disclosed by Missouri courts.

Second, Defendant has not admitted or denied involvement with Mr. Taylor's execution in any public filings in this case, such that it has somehow waived the asserted privilege.  In its brief in support of its motion to seal, Defendant argued that privilege attached "regardless of whether" the Complaint's allegations regarding its role in Mr. Taylor's execution were accurate.  (*See* Doc. 20.)  In the Notice of Rule 41(a) Dismissal filed on February 17, 2014 (Doc. 26), the parties referenced a settlement agreement but did not file the settlement agreement with the Court.  On February 18, 2014, a newspaper article reported:  "A Tulsa pharmacy has agreed not to provide Missouri with a made-to-order drug for an inmate's execution scheduled for later this month, according to court documents filed Monday."  *See* Tim Talley, *Tulsa Pharmacy Won't Sell Drug for Missouri Execution Under Deal*, Tulsa World, Feb. 18, 2014.  To this Court's knowledge, there are no publicly filed "court documents" explaining or setting forth the terms of the settlement agreement, and Defendant has neither admitted or denied its involvement with Mr. Taylor's execution in any publicly filed document in this case.  Thus, it does not appear that Defendant has voluntarily, publicly disclosed any information contained in the sealed brief.[1]

## II.   Notice of Rule 41(a) Dismissal With Prejudice and Joint Request to Dissolve the Temporary Restraining Order (Doc. 26)

The parties have reached a settlement of this matter.  Although the notice of dismissal satisfies the requirements of Rule 41(a)(1)(A), Plaintiff appears to request a court-ordered dismissal

---

[1] Plaintiff's counsel, Mr. Hellman, is cautioned against revealing the contents of sealed filings in this case to newspapers or other sources.

pursuant to Rule 41(a)(1)(B).  (*See* Doc. 26 ("Plaintiff hereby moves . . . that this action . . . be dismissed with prejudice.").)  Therefore, the Court construes the notice (Doc. 26) as a motion for voluntary dismissal.  In this same filing, the parties jointly move for dissolution of the Court's Temporary Restraining Order entered on February 12, 2014.  Both motions shall be granted.

### III.   Conclusion

It is hereby Ordered that:

1. Defendant's Motion to Seal Papers in Opposition to Plaintiff's Application for Preliminary Injunction (Doc. 19) is GRANTED.  Defendant's response brief and attachment (Doc. 22) shall remain sealed.

2. The parties' joint motion to dissolve the TRO (Doc. 26) is GRANTED, and the Court's TRO entered February 12, 2014 (Doc. 8) is DISSOLVED.

3. Plaintiff's motion to voluntarily dismiss (Doc. 26) is GRANTED, and this matter is hereby dismissed with prejudice pursuant to Rule 41(a)(1)(B).

4. Based on the parties' stipulation of dismissal, Plaintiff's Motion for Preliminary Injunction (Doc. 6) is MOOT, and the hearing scheduled this date was stricken.

SO ORDERED this 18th day of February, 2014.

TERENCE C. KERN
United States District Judge